IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KNOWLEDGELAKE, INC., <br>     A Delaware Corporation, <br><br>     Plaintiff, <br><br> vs. <br><br> PFU America Group Management, Inc., <br>     A California Corporation, <br><br>     Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, by and through counsel, and files the below cause of action against Defendant. In support, thereof, Plaintiff states:

1) That Plaintiff is a non-public corporation, in good standing, and incorporated in the State of Delaware. Plaintiff is a citizen of the State of Delaware.

2) That Defendant is a non-public corporation, incorporated in the State of California, and upon information and belief it is in good standing. Defendant is a citizen of the State of California.

3) That the amount in controversy in this matter exceeds $75,000 and as such satisfies 28 U.S.C. §1332(a).

4) That Plaintiff and Defendant entered into a Stock Purchase Agreement on March 23, 2018 (hereinafter referred to as "Agreement") whereby the negotiations and completion of the Agreement was in St. Louis County, Missouri.

5) Jurisdiction and venue are proper in this Court.

## **BREACH OF CONTRACT**

6) In the Agreement, Defendant (sometimes referred to as "Seller") agreed to sell all of the issued and outstanding shares of capital stock of KnowledgeLake, Inc., a Missouri corporation (hereinafter "KL"), to Plaintiff (sometimes referred to as "Purchaser").

7) A portion of the purchase price of the shares of KL was equal to the Cash Equivalents minus the Closing Cash.

8) The Cash Equivalents were defined in the Agreement as "all cash on hand in the Company's *(KL)* bank, lock box and other accounts as of the Measurement Time." The Measurement Time was defined as "11:59:59 p.m. (Central Time) on the Business Day immediately preceding the Effective Date." The Effective Date was defined as March 30, 2018.

9) Pursuant to Article 4.1 of the Agreement "Except with Purchaser's prior written consent…Seller shall cause the Company *(KL)* (i) to conduct its business in the ordinary course and (ii) not to…(q) accelerate the collection of any accounts or notes receivable or otherwise change any of its cash management policies…"

10) The Purchaser was never asked nor consented to the acceleration of the collection of any accounts or notes or otherwise change any of KL's cash management policies of the Company.

11) At all relevant times, KL maintained its financial and tax records based upon the accrual method of accounting.

12) On at least two occasions, the Seller violated Article 4.1 by accelerating the collection of KL's accounts' receivables.

      a)      On or about March 21, 2018 the then-Chief Executive Officer of KL directed an employee to contact Walmart to accelerate the payment of an accounts receivable.  Said attempts resulted in an accelerated payment in the amount of $978,518.22. Furthermore, said payment was for services to be rendered between February 1, 2018 and January 31, 2019. In essence, the Company would provide the services to Walmart for 10 of the 12 months of the contract and receive no consideration for doing so. Said acceleration of payments was not in the ordinary course of business of KL. See *Exhibit A*.

      b)      On or about March 19, 2018 the then Chief Executive Officer of KL contacted a member of the KL's sales team to inquire as to the potential of a customer paying their account via a credit card.  Such payments via credit cards were not in the ordinary course of business. *See Exhibit B.*

13)    Pursuant to representations by the Chief Financial Officer of KL, there was no business need to accelerate the collections other than for Seller to inflate the amount of the Cash Equivalents to the detriment of Purchaser.

14)    Such actions constituting the breach of contract were a willful action by the Defendant and, as such, pursuant to Article 6.2 of the Agreement, Plaintiff is entitled to the award of reasonable attorneys' fees and expenses.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant for an amount that compensates Plaintiff for Defendant's breach of contract, a finding that Defendant's actions were willful, award Plaintiff attorneys' fees, costs of this action, and enter any other Orders this court deems necessary and proper.

## INTENTIONAL MISREPRESENTATION
## COUNT II

15)     Plaintiff hereby reincorporates all previous allegations as if fully set forth in this Count II.

16)     Pursuant to Article 3.2(i)(ix)(b) of the Agreement the Seller represented that from December 31, 2017 through March 31, 2018 there would not be any acceleration in the collection of any accounts or notes receivables or otherwise change on any KL's cash management policies other than in the ordinary course of business.

17)     Defendant's representation was false in that Defendant accelerated payment of KL's accounts receivables. Furthermore, Defendant was intentionally violating the representation during the negotiations of the Agreement.

18)     Defendant knew that said misrepresentation was material to the Agreement.

19)     Defendant knew that their representation was false.

20)     Defendant knew that Plaintiff intended to rely on said representation and that said reliance on the representation was justifiable for the Plaintiff.

21)     That Plaintiff sustained damages as a result of the misrepresentation in an amount greater than $1,000,000.

20)     Such actions constituting the misrepresentation by the Defendant pursuant to Article 6.2 of the Agreement allows Plaintiff to be awarded reasonable attorneys' fees and expenses.

21)     Defendant knew that Plaintiff was relying on said representation and had a right to rely on said representation made by the Defendant.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant for an amount that compensates Plaintiff's for Defendant's intentional misrepresentation, award Plaintiff attorneys' fees, costs of this action, and enter any other Orders this court deems necessary and proper.

        RESPECTFULLY SUBMITTED,

        SWIECICKI & MUSKETT, LLC

        By:   */s/ Christopher S. Swiecicki*
        Christopher S. Swiecicki #38402MO
        16100 Chesterfield Parkway W, Suite 308
        636.778.0209 Office
        314.341.5796 Cell
        636.238.4358 Fax
        Chris@SwiecickiLaw.com
        Attorney for Plaintiff